**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**PAULA NUNNERY, on behalf of herself**
**and others similarly situated,**

    **Plaintiff,**

v.                                                 Case No.  8:06-cv-2099-T-30TBM

**GROELLE & SALMON, P.A.. a Florida**
**Professional Association, ROBERT C.**
**GROELLE and DAVID J. SALMON,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Determination of Period for Notice for Collective Action (Dkt. 10) and Defendants' Memorandum in Opposition to the same (Dkt. 11).

Plaintiff has filed suit under the Fair Labor Standards Act ("FLSA") alleging that she and others similarly situated were not compensated for overtime hours during their employment as paralegals with Defendants. While the parties agree it is appropriate to give notice of this suit to paralegals formerly employed with Defendant, as well as their right to opt-into the suit, there is some disagreement as to what length of time should be used in determining what paralegals should be included, i.e. those who worked within two years from the date of the filing of the suit, or those who worked within three years from the date of filing.

Pursuant to 29 U.S.C. § 255(a), the statute of limitations for FLSA claims is two (2) years. See 29 U.S.C. §255(a) (2005).  While Section 255(a) also provides a three year statute

of limitations, this extension is only for willful violations of the FLSA. See id. Plaintiff alleges that the three year notice period is applicable to this case because Defendants' violation of the statute was willful. In support of her argument, Plaintiff states that because Defendants are a law firm, they are experienced in the law and should be aware of the Department of Labor regulations regarding the nonexempt status of paralegals. (Dkt. 10 at 4). This argument is unavailing.

The fact Defendants are a law firm does not impute knowledge of FLSA regulations such that violations are necessarily willful. Plaintiff does not assert that this law firm had any specialized knowledge of labor law or the Department of Labor's regulations - only that it is a law firm. To apply the three year statute of limitations on the basis of this argument would be tantamount to holding that all law firms and all lawyers are always subject to the three year statute. Put another way, Plaintiff's argument is that all violations by lawyers must be "willful" as a matter of law. This Court disagrees with this proposition.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion for Determination of Period for Notice for Collective Action is **GRANTED**, but only as to a notice period of two (2) years.

**DONE** and **ORDERED** in Tampa, Florida on March 12, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2006\06-cv-2099 Notice of Collective Action.frm